RYMER, Circuit Judge,
dissenting.
I would deny the petition for review.
Ghostine offered no details of any incident upon which his claim of past persecution rests. Despite ample opportunity to do so, he failed to present specific evidence necessary to support an asylum claim. See Singh v. INS, 134 F.3d 962, 966 (9th Cir.1998). Accordingly, the BIA was not compelled to find that he was persecuted.
Nor does Ghostine’s testimony establish an objectively reasonable, well-founded fear of future persecution. In the last fourteen years, no one from Hezbollah has given any indication of looking for Ghos-tine. That he believes his name is on some kind of “decree” is purely speculative. Finally, Ghostine admits that he was not persecuted at all while he lived in Beirut. Despite changes in how Beirut is governed, his father and sister live there and no evidence indicates they have been harmed or persecuted in any way. Cf. Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001).
Although Ghostine suggests that the immigration judge (IJ) and the BIA erred in finding that the harm he suffered was not because of his religion or political opinion, only the IJ did so. The BIA accepted Ghostine’s testimony as true, which necessarily included that the alleged violence was based on his religious or political views, and nonetheless found insufficient evidence of persecution.
Whether or not the government of Lebanon has done little to protect religious minorities, as Ghostine contends, is irrelevant as he failed to show that he was actually persecuted and that the persecution was on a protected ground.